J-S12006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FRANCIS DEDICATO | : | |
| | : | |
| Appellant | : | No. 1989 EDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered June 13, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006581-2023

BEFORE: McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 14, 2026**

Michael Francis Dedicato appeals from the judgment of sentence imposed for his convictions of four counts of persons not to possess a firearm,[1] following a stipulated bench trial. Dedicato challenges the discretionary aspects of his sentence. We affirm.

The trial court recounted the stipulated facts as follows:

> [O]n or about April 7, 2023, [Dedicato] admitted to Upper Moreland Township Police detectives that there were firearms located in his home, led the detectives to a safe that he unlocked, and the detectives removed four (4) firearms from the safe; prior to this date [Dedicato] had visited a gun range in Bucks County where he purchased handgun guest time in lane 7 as well as ammunition, a holster for a revolver, and a 40-inch belt, and [Dedicato]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

has a prior criminal record preventing him from legally possessing a firearm.

After finding [Dedicato] guilty of the four (4) counts of Person[s] not to Possess a Firearm, all felonies of the second degree, the court deferred sentencing to obtain a presentence investigation report, a Probation and Parole Intervention ("PPI") Evaluation, a risk assessment, the sentencing guidelines, and a house arrest suitability assessment.

Trial Court Opinion, filed 9/17/25, at 2 (citations omitted).

At sentencing on June 13, 2025, the court stated that it reviewed the Presentence Investigation report ("PSI"), the PPI Evaluation, and the Mitigation and Sentencing Report of Adult Probation. N.T., 6/13/25, at 4-5. It noted that Dedicato's offense gravity score was 10 and prior record score was 5. *Id.* at 4, 23. The court determined that for each of Dedicato's charges, the sentencing guidelines provided a mitigated-range sentence of five years. The court considered Dedicato's criminal history dating back to age 16, as well as the fact that Dedicato had not been in trouble with the law for the preceding 13 years. *Id.* at 23-24. It also read numerous letters in support of Dedicato and heard from several character witnesses that stated Dedicato was a good father, hard-worker, and non-violent. *Id.* at 4-5, 10-18. The court took allocution from Dedicato, wherein Dedicato apologized to the court and his family. *Id.* at 29-31.

At the end of the hearing, the court imposed on each count a concurrent sentence of three to eight years' incarceration. The sentences were below the

mitigated range. Dedicato filed a post-sentence motion, which was denied. This appeal followed.

Dedicato raises the following issue:

> Whether [Dedicato's] sentencing hearing failed to follow the Sentencing Code, sentencing norms and whether the sentence was manifestly unreasonable and excessive where the Trial Court failed to adequately consider [Dedicato's] family support, young children, employment history, remorse, status as being arrest-free for 13 years and mistaken belief that he could reside with firearms in the house as long as another person could legally possess them[?]

Dedicato's Br. at 4.

Dedicato's sole claim on appeal challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018). Before reviewing the merits of Dedicato's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019); *see also* Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons

relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Here, Dedicato has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Williams has raised a substantial question.

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Id.** at 171. Where a sentence falls within or below the sentencing guidelines, an allegation that the sentencing court failed to consider mitigating factors does not raise a substantial question. **Commonwealth v. Rhoades**, 8 A.3d 912, 919 n.12 (Pa.Super. 2010).

Here, in his Rule 2119(f) statement, Dedicato argues:

> [T]here is a substantial question that the sentence was inappropriate under the Sentencing Code, the sentencing norms and was manifestly excessive where the Trial Court failed to adequately consider [Dedicato's] family support, young children, employment history, remorse, status as being arrest-free for 13 years and mistaken belief that he could reside with firearms in the house as long as another person could legally possess them also lived there.

Dedicato's Br. at 13.

Dedicato fails to raise a substantial question. He does not clearly identify the manner in which his sentence violates a specific sentencing norm. Moreover, because his sentence was below the guidelines, his claim that the trial court did not adequately consider certain factors does not rise to the level of a substantial question.

Even if Dedicato had raised a substantial question, we would find no abuse of discretion. Dedicato acknowledges that the court sentenced him below the standard range. He nonetheless argues that the court "should have departed further give[n his] family support, young children, job history, remorse, status as being arrest-free for 13 years and mistaken belief that he could reside with firearms in the house as long as another person could legally possess them." Dedicato's Br. at 15. He maintains that these factors meant that "the likelihood of [his] recidivism and danger to the public was low." *Id.* Dedicato asks us to vacate his sentence and remand for a new sentencing hearing. *Id.*

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as

it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Where the sentencing court has the benefit of a pre-sentence investigation report ("PSI"), we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that it place its reasoning on the record to be satisfied. *Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 26 (Pa.Super. 2017). "In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court." *Commonwealth v. Snyder*, 289 A.3d 1121, 1126-27 (Pa.Super. 2023).

Here, the trial court explained its reasoning for imposing Dedicato's sentence:

> [A]s stated at sentencing, the court reviewed the evidence from the stipulated bench trial. [Dedicato] had stipulated to facts demonstrating that he had done more than merely being in a house where guns were stored. The court also explained that it had read the PSI report and the PPI evaluation as well as the Sentencing Guidelines and, therefore, it can be assumed that the court properly considered and weighed all relevant factors. The court painstakingly set forth the requirements under the Sentencing Code and its review and application of the facts and circumstances as they pertain to [Dedicato]. The court also took [Dedicato's] allocution statement, and counsels' arguments into consideration. [Dedicato] faced an aggregate sentence of twenty (20) to forty (40) years' incarceration. Instead, the court fashioned a sentence **below the standard range** and imposed **concurrent** sentences, not consecutive as alleged, on Counts 2, 3, and 4. A simple reading of the sentencing sheet alone demonstrates that the claim that [Dedicato's] sentence was "unduly harsh" and "manifestly excessive" is misplaced.

Trial Ct. Op. at 7-8 (emphasis in original).

The court did not abuse its discretion. The court had a PSI report and is presumed to be aware of all appropriate sentencing factors and considerations. ***Johnson-Daniels***, 167 A.3d at 26. Where a court has the benefit of a PSI and sentences within the standard range of the guidelines, or, as in this case, below the mitigated range, the sentence is appropriate under the sentencing code. ***Moury***, 992 A.2d at 171.

In sum, the record demonstrates that the court properly considered "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). This Court may not reweigh the sentencing factors. ***Snyder***, 289 A.3d at 1126-27. Accordingly, even if Dedicato had presented a substantial question, we would affirm.

Judgment of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/14/2026